NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANDRO PRADA GARCIA; YESICA
ALEJANDRA BARRETO
NINO; MARLON ESTEBAN PRADA
ACOSTA; DANA SOFIA PRADA
BARRETO,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2173

Agency Nos.
A240-249-950
A220-773-310
A220-773-384
A220-773-385

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2025[**]
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

Lead petitioner Sandro Prada Garcia, his wife Yesica, and their two minor

children (collectively, "petitioners") petition for review of a Board of Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appeals ("BIA") decision dismissing their appeal from the denial by an Immigration Judge ("IJ") of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]

We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of asylum, withholding of removal, and CAT relief for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Under this standard, "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We deny the petition.

1.      Substantial evidence supports the BIA's finding that petitioners are ineligible for asylum and withholding of removal because they failed to establish past persecution or a well-founded fear of future persecution. Sandro testified that he and his family left Colombia because Sandro was threatened and harassed on several occasions between 2008 and 2021. "Threats standing alone [] constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000) (citation omitted). We are more "likely to find persecution

---

[1]      Yesica and the children are riders on Sandro's applications and are thus co-petitioners before this court.

2                                                                                                    24-2173

where threats are repeated, specific and 'combined with confrontation or other mistreatment.'" *Duran-Rodriguez*, 918 F.3d at 1028 (quoting *Lim*, 224 F.3d at 936).

While paramilitary members and unknown individuals threatened Sandro on several occasions, the threats were never violent or combined with mistreatment. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (finding "unfulfilled threats" to constitute "harassment rather than persecution"). Indeed, Sandro was never physically harmed while in living in Colombia. *See Nagoulko v. I.N.S.*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("[I]t is significant that [petitioner] never suffered any significant physical violence."). Moreover, Sandro testified that he lived in Villavicencio for almost five years without incident, undermining the "frequency" and "seriousness of the threats." *Cf. Antonio v. Garland*, 58 F.4th 1067, 1073 (9th Cir. 2023) (finding that petitioner experienced past persecution, in part, because she received frequent, serious, and escalating threats). Because reasonable minds could differ as to whether the alleged threats, which spanned a 13-year period, rose to the level of persecution, the record does not compel a finding of past persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

Substantial evidence also supports the BIA's conclusion that petitioners did not demonstrate an objectively reasonable fear of future persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1065 (9th Cir. 2021) (recognizing that even when a petitioner does not show past persecution, a petitioner "might nevertheless be eligible for relief

3                                                                        24-2173

if he instead shows a well-founded fear of future persecution" that is "objectively reasonable" (cleaned up)). Sandro asserts that he fears the paramilitary members who threatened him, but the record does not compel the finding that these perpetrators maintain an interest in him. *See id.* (upholding agency decision because "there is an insufficient basis in the record to conclude that [the perpetrator] and his followers would have a continuing interest" in the petitioner). Sandro testified that the mayor, who instigated the threats against Sandro, was convicted and sentenced to prison in 2014, and her associate voluntarily turned himself in to the authorities. As to the more recent incidents of alleged harm, the BIA reasonably concluded that these events involved vague threats by unknown individuals, undermining the reasonableness of Sandro's fear of persecution. Furthermore, Sandro took advantage of the government's protection program in 2008, and country conditions evidence shows that the Colombian government has taken steps to protect civilians and to combat corruption. *See Nahrvani*, 399 F.3d at 1154 (denying relief where petitioner did not substantiate claim regarding government's inability or unwillingness to control the asserted persecution from which he suffered).

2.    Substantial evidence supports the BIA's finding that petitioners failed to establish eligibility for CAT protection. A petitioner seeking CAT protection must show that it is more likely than not he will be subjected to torture by or with the acquiescence of a public official if removed to his native country. *Xochihua-Jaimes*

*v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Because the harm Sandro suffered does not rise to the level of persecution, "it necessarily falls short of the definition of torture." *Sharma*, 9 F.4th at 1067. And to the extent petitioners rely on country conditions evidence to demonstrate a likelihood of torture, the "generalized evidence of violence and crime" is not particular to them. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

The petition is **DENIED**.